IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **PERFORMANCE FOOD GROUP, INC.,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**AJAX INTERNATIONAL GROUP LLC,** )<br>)<br>**Defendant.** )<br>                                              ) | Case No. 12-CV-2525 JAR/DJW |

## MEMORANDUM AND ORDER

This case was filed on August 10, 2012; Plaintiff designated Kansas City as the place of trial.[1] Defendant designated Wichita, Kansas as the place for trial in its Answer. Before the Court is Defendant's Motion to Designate Place of Trial (Doc. 6), requesting that Wichita be designated as the place of trial pursuant to D. Kan. Rule 40.2(d).

*Background*

PFG is a Colorado corporation with its principal place of business in Centennial, Colorado. PFG alleges that it provided food service products to Defendant Ajax International Group LLC ("Ajax") on credit terms under a contract, and that Ajax defaulted on its payment obligations to PFG. PFG asserts claims for breach of contract, breach of a promissory note, action on account, quantum meruit, and replevin and foreclosure of security interest. Plaintiff's counsel is located in Kansas City, Missouri.

---

[1] Doc. 1 at 10.

1

Ajax is a Kansas limited liability company with one of its principal places of business in Wichita, Kansas. Ajax filed a counterclaim in this case, alleging tortious interference with business opportunity and/or expectancy. Ajax claims that PFG intentionally and maliciously refused to sell it food service products, with the intent to interfere with Defendant's ongoing business relationship with a third party. Defendant's counsel is located in Wichita, Kansas.

*Discussion*

Under D. Kan. R. 40.2: "The court shall not be bound by the requests for place of trial but may, upon motion by a party, or in its discretion determine the place of trial." In this district, when considering a motion for intra-district transfer, courts look to the same factors relevant for change of venue under 28 U.S.C. § 1404.[2] In a § 1404(a) analysis, a district court should consider the plaintiff's choice of forum, the convenience for witnesses, the accessibility of witnesses and other sources of proof, the possibility of obtaining a fair trial, difficulties that may arise from congested dockets, and "all other considerations of a practical nature that make a trial easy, expeditious and economical."[3] The burden of proving that the existing forum is inconvenient lies with the moving party.[4] Although a plaintiff's forum choice "should rarely be disturbed,"[5] the plaintiff's choice of forum receives little deference when, as here, the plaintiff does not reside there.[6]

---

[2] *See, e.g.*, *Menefee v. Zepick*, No. 09-2127-JWL, 2009 WL 1313236, at *1 (D. Kan. May 12, 2009); *Benson v. Hawker Beechcraft Corp.*, No. 07-2171-JWL, 2007 WL 1834010, at *1 (D. Kan. June 26, 2007).

[3] *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515–16 (10th Cir. 1991) (citing *Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1957)).

[4] *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992) (citing *Chrysler Credit Corp.*, 928 F.2d at 1515).

[5] *Id.*

[6] *Benson*, 2007 WL 1834010, at *2; *see also Menefee*, 2009 WL 1313236, at *1.

Ajax argues that Wichita, Kansas is the proper place for the trial because Plaintiff's choice of forum should be given little deference.  Further, it argues that Ajax is located in Wichita, Ajax's counsel is located in Wichita, and it would be more convenient for both parties' witnesses in terms of cost and travel.  Ajax also contends that Wichita is the more convenient location because the underlying claims for both parties arose in Wichita.  PFG responds that Kansas City will be more convenient for its witnesses, but that it will receive a fair trial in either location.

Plaintiff does not reside in Kansas, so its choice of forum receives little deference.  The only factor contested by the parties on this motion is the convenience for witnesses.  Defendant expects that both parties will be calling witnesses from Wichita, thus making Wichita the more convenient trial location.  Plaintiff responds that it expects to call witnesses from Colorado and Springfield, Missouri, so Kansas City would be more convenient for its witnesses.

The Court finds that this motion is premature.  The parties are still in the pleading stage and discovery has not yet begun.  The parties have not even exchanged their initial witness lists, so the Court is unable to conduct a meaningful analysis as to the convenience for witnesses. Thus, this motion is denied, without prejudice to refiling. Defendant may re-file its Motion to Determine Place of Trial after this case has progressed further.

**IT IS THEREFORE ORDERED BY THE COURT** that  Defendant's Motion to Designate Place of Trial (Doc. 6) is DENIED, without prejudice.

**IT IS SO ORDERED.**

Dated: October 22, 2012

              S/ Julie A. Robinson  
              JULIE A. ROBINSON  
              UNITED STATES DISTRICT JUDGE